The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
Plaintiff's motion to take additional evidence in this case is DENIED.
The Full Commission takes judicial notice of a prior Opinion and Award rendered in this matter on June 8, 1988 by Deputy Commissioner Tamara R. Warstler, the Opinion and Award filed by the Full Commission on March 16, 1989, the Opinion and Award filed July 24, 1989 by Deputy Commissioner Morgan S. Chapman, and the Opinion and Award filed by the Full Commission on April 3, 1990.
* * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time an employment relationship existed between plaintiff and defendant-employer.
3. At such time defendant-employer was insured by Eagle Star Insurance Company with claims administered by Educator Benefit Services.
4. On November 20, 1985, plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of his employment with defendant-employer. The parties entered into a Form 21 Agreement for Compensation which was approved by the Industrial Commission on June 3, 1986.
5. Plaintiff's average weekly wage is $461.25.
6. Temporary total disability compensation was paid at the rate of $280.00 per week beginning July 1, 1987 and continuing.
7. Plaintiff's medical records from Durham Clinic, North Carolina Spine Center, Durham County General Hospital, Raleigh Neurology Clinic, Dr. Fred Stowe, Jr., Fayetteville Neurological Clinic, Highsmith-Rainey Hospital and Raleigh Orthopaedic Clinic are stipulated into evidence.
8. Records concerning plaintiff from Comprehensive Rehabilitation Services are stipulated into evidence.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Employee-plaintiff sustained an injury by accident to his back on November 20, 1985, which subsequently required surgery involving a lumbar laminectomy with posterior lumbar interbody fusion at the L5-S1 level.
2. When discography revealed the existence of degenerative disc disease at L2-3, L4-5 and L5-S1, it was determined that additional surgery was necessary for employee-plaintiff. On December 10, 1991, Dr. T. Craig Derian performed surgery on employee-plaintiff, involving L2-3 and L4 to the sacrum decompression, stabilization, and fusion.
3. On May 18, 1992, Dr. Derian recommended that plaintiff "consider returning to work in a light-duty capacity with limited bending, stooping, lifting and twisting." Dr. Derian placed lifting restrictions on plaintiff limiting him to occasional lifting of 35 to 40 pounds, with primary lifting to be performed in the 10 to 20 pound range. The restrictions defined by Dr. Derian placed plaintiff in the light-medium work category.
4. In September of 1992, plaintiff began working with Joe Day, a rehabilitation specialist with Comprehensive Rehabilitation Associates. In assisting plaintiff in finding a job, Mr. Day contacted potential employers and performed job analysis in order to screen out jobs which were incompatible with plaintiff's limitations, as outlined by Dr. Derian.
5. While working with plaintiff, Mr. Day located a job that he felt was compatible with plaintiff's restrictions. This position was as a desk clerk with the Dutch Inn in Benson. Mr. J. Pal, the manager of the Dutch Inn, interviewed plaintiff and offered the desk clerk position to plaintiff, which he accepted. The desk clerk position at the Dutch Inn involved sedentary-light work. As desk clerk, plaintiff was required to greet guests of the hotel, obtain and record registration information, tally the bill and receive payment, keep records of guests, and sweep and dust the lobby area at a fast pace. In completing these tasks, plaintiff, a tall man, had to bend over repeatedly and for extended periods of time, causing him severe pain. For the first two weeks of his employment, plaintiff was scheduled to work every other day in order to assist plaintiff in a gradual return to work.
6. Plaintiff worked one shift as a desk clerk at the Dutch Inn on January 8, 1993. Plaintiff returned the following day and told Mr. Pal that he would be unable to do the job.
7. Mr. Pal never informed plaintiff that he was willing to make the significant alterations to the work area needed in order for plaintiff to be able to work in the desk clerk position.
8. Dr. Derian, plaintiff, and Mr. Day had a conference regarding the alterations the Dutch Inn would have to make in order for plaintiff to be able to work there, but Mr. Day never contacted plaintiff subsequently with a suitable offer of employment.
9. Dr. Derian rated plaintiff as having a 40% permanent partial disability to his back as a result of the injury by accident giving rise to this claim.
10. In the opinion of the Full Commission, plaintiff's refusal to work as a desk clerk at the Dutch Inn was justified given his significant physical limitations and severe pain.
11. As a result of the compensable injury by accident, plaintiff remains incapable of earning wages with defendant-employer or in any other employment. Defendant-employer has not offered or provided to plaintiff any work which is within his capacity to earn wages. Other than the one day of work at the Dutch Inn, plaintiff has not worked since July 1, 1987.
12. Payment of temporary total disability benefits has not been made in the manner Ordered by the Commission. Defendants have exceeded the 14-day allowance under N.C.G.S. § 97-18 (b) on compensation payments beginning June 18, 1990 and continuing until July 29, 1994. After July 24, 1994, benefits have been paid in a timely fashion. Defendants have offered no reasonable excuse for the untimely payments.
* * * * * * * * * * *
Based upon the findings of fact, The Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. As a result of the compensable injury by accident on November 20, 1985, plaintiff is disabled from work and is entitled to receive compensation for temporary total disability at the rate of $280.00 per week for the time period beginning July 1, 1987 and continuing thereafter until defendants obtain permission from the Industrial Commission to cease said payments. N.C.G.S. 97-2(6); 97-29.
2. Defendants are entitled to a credit for the wages paid plaintiff for his work at the Dutch Inn on January 8, 1993, and for the temporary total disability compensation already paid to plaintiff.
3. Plaintiff is entitled to have defendants provide all medical compensation arising from this injury by accident. N.C.G.S. 97-2(19); 97-25.
4. Plaintiff is entitled to a 10% penalty on payments of compensation for temporary total disability which were paid more than fourteen (14) days following the conclusion of the week during the period from June 18, 1990 through July 29, 1994. N.C.G.S. 97-18.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff, on account of his temporary total disability, compensation at the rate of $280.00 per week for the period beginning July 1, 1987 and continuing until further order from the Industrial Commission.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
3. Defendants are entitled to a credit for the wages paid plaintiff for his work at the Dutch Inn on January 8, 1993, and for the temporary total disability compensation already paid to plaintiff.
4. Defendants shall pay to plaintiff a 10% penalty for those weeks of plaintiff's temporary total disability after April 10, 1990, wherein the payments of compensation for temporary total disability were not paid within fourteen (14) days from the end of the week, at which time the payments became due.
5. A reasonable attorney's fee in the amount of 25% of the compensation benefits due under paragraph one of this Award is hereby approved for plaintiff's counsel. Defendants shall pay directly to plaintiff's counsel every fourth compensation check due under paragraph one of this Award.
6. Defendants shall pay the costs due the Commission.
 S/ __________________________ Laura Kranifeld Mavretic Commissioner
CONCURRING:
S/ ________________________ J. Howard Bunn, Jr. Chairman
S/ ________________________ J. Randolph Ward Commissioner